# DISTRICT COURT OF THE VIRGIN ISLANDS

# DIVISION OF ST. CROIX

| | |
|---|---|
| **ROSALINE NESBETH, next of kin of B.F., and THE DISABILITY RIGHTS CENTER OF THE VIRGIN ISLANDS a/k/a VIRGIN ADVOCACY, INC.,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**VINCENT F. FRAZER, in his official capacity as Attorney General of the Virgin Islands and Executive Administrator for the Bureau of Corrections,**<br><br>**Defendant.** | 2008-CV-0022 |

**TO:** Archie Jennings, Esq.

## ORDER DENYING MOTION FOR ENTRY OF DEFAULT

THIS MATTER came before the Court upon Plaintiffs' Motion For Entry of Default (Docket No. 4). In said motion, Plaintiffs state that they move the Court "pursuant to Fed. R. Civ. P. 55(b) . . . to enter Default [sic] against Defendant . . . ." Motion at 1. In support of their motion, Plaintiffs assert that "service of all documents has been made upon the last known address of the Defendant via certified mail return receipt requested and . . . that the Defendant has failed to respond." *Id*.

*Nesbeth v. Frazer*
2008-CV-0022
Order Denying Plaintiffs' Motion For Entry of Default
Page 2

Despite Plaintiffs' specific cite to Fed. R. Civ. P. 55(b), that provision governs default judgments. It is well established that entry of default pursuant to Rule 55(a) must precede default judgment under 55(b). *Ario v. Morelli*, Civil Action No. 06-1024 (FLW), 2008 WL 314578 at *2 (D.N.J. January 30, 2008) (slip copy) (citing *Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 F. App'x 519, 521 n. 1 (3d Cir. 2006)).[1]

The docket reflects that Defendant has not responded to the complaint or otherwise appeared. "Therefore, whether default should be entered turns solely on whether [Defendant was] properly served with the complaint." *Chapman v. Homecomings Financial Services. LLC*, Civil Action No. 07-4553, 2008 WL 1859540 at *1 (E.D. Pa. April 25, 2008) (slip copy).

Federal Rule of Civil Procedure 4 governs service of process. Subsection e provides:

(e) Serving an Individual Within a Judicial District of the United States. Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by:

---

[1]. It also should be noted that "[la]though Rule 55(a) refers to entry of default by the clerk, default may also be entered by the court. Fed.R.Civ.P. 55(a) . . . ." *Ario v. Morelli*, Civil Action No. 06-1024 (FLW), 2008 WL 314578 at *2 (D.N.J. January 30, 2008) (slip copy) (citing *Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 917-19 (3d Cir. 1992); *Rhino Associates, L.P. v. Berg Mfg. and Sales Corp.*, No. 1:04-CV-1611, 2007 WL 3490165, *2 n. 5 (M.D. Pa. Nov. 14, 2007); *Sys. Indus., Inc. v. Han*, 105 F.R.D. 72, 74 n. 1 (E.D. Pa.1985) ("Although Rule 55(a) speaks of entry of a default by the clerk, the court has the power to perform this task as well.")).

*Nesbeth v. Frazer*
2008-CV-0022
Order Denying Plaintiffs' Motion For Entry of Default
Page 3

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> (2) doing any of the following:
> (A) delivering a copy of the summons and of the complaint to the individual personally;
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P 4(e). In their complaint, Plaintiffs allege that "Defendant is a territorial department," Complaint at para. 3, and that the "word 'Defendants' in this petition, it means Defendant Attorney General, Vincent F. Frazer, the Department of Justice and the agency he represent [sic], and the Department's agents, employees, successors and all persons acting in concert with them at their direction." *Id*. at para. 8. Rule 4(j)(2) provides:

> A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:
> (A) delivering a copy of the summons and of the complaint to its chief executive officer; or
> (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

Fed. R. Civ. P. 4(j)(2).

Plaintiffs state that service upon Defendant was effectuated "via certified mail." The rules require personal service for an individual party located within a judicial district of the

*Nesbeth v. Frazer*
2008-CV-0022
Order Denying Plaintiffs' Motion For Entry of Default
Page 4

United States or upon the chief executive officer of the governmental organization being sued. Thus, Plaintiffs' alleged service upon Defendant was improper and defective.

Based upon the foregoing, the Court finds that Plaintiff is not entitled to entry of default against Defendant.

Accordingly, it is now hereby **ORDERED** that Plaintiffs' Motion For Entry of Default (Docket No. 4) is **DENIED**.

                                          ENTER:

Dated: September 12, 2008                          /s/
                                                   GEORGE W. CANNON, JR.
                                                   U.S. MAGISTRATE JUDGE